UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYCE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00038-SNLJ |
| | ) |
| MARK DOBBS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On June 28, 2022, the Court ordered plaintiff to file an amended complaint on a Court form within thirty days. (Docket No. 6). On July 25, 2022, the Court gave plaintiff an additional twenty-one days in which to comply. (Docket No. 8). Nevertheless, plaintiff has not filed an amended complaint as directed. Therefore, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Butler County Jail in Poplar Bluff, Missouri. On March 30, 2022, he filed a civil action pursuant to 42 U.S.C. § 1983, naming fourteen separate defendants: (1) Sheriff Mark Dobbs; (2) Jail Administrator Rodger Burton; (3) Jail Administrative Consult Dave Light; (4) Correctional Officer 7 (CO) Samuel T.; (5) CO Lakeisha Miller; (6) CO Unknown Ketchum; (7) CO Franscisco Vega; (8) Nurse Shane Unknown; (9) CO Reggie Unknown; (10) Supervisor Unknown Taylor; (11) CO J. Allen; (12) Supervisor Jeff Unknown; (13) CO 2 Mike McMean; and (14) Supervisor Luke Unknown. (Docket No. 1 at 1). Sheriff Dobbs and Jail Administrator Burton were sued in both their official and

individual capacities. (Docket No. 1 at 2-3). Plaintiff did not indicate the capacity in which the other defendants were sued.

In the "Statement of Claim," plaintiff asserted that he "caught Covid-19[1] and was neglected by officers, as well as denied medical attention." (Docket No. 1 at 3). This occurred between mid-January and mid-February at the "Butler County Justice Center." Due to contracting the virus, plaintiff suffered "loss of taste, loss of smell, fever, body aches," inability to eat, cold sweats, headaches, difficulty breathing, and other symptoms.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On June 28, 2022, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 6).

Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was subject to dismissal for four reasons.

First, the official capacity claims against defendants Dobbs and Burton were treated as being made against Butler County itself, their employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). Plaintiff, however, had not sufficiently alleged a municipal liability claim against the county. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

---

[1] COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which originated in China, spread globally, and resulted in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). *See also Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 734 (8th Cir. 2021). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 956 F.3d 1018, 1023 (8th Cir. 2020).

Second, plaintiff failed to state individual capacity claims against defendants Dobbs and Burton, because he had not demonstrated their personal liability for violating his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

Third, plaintiff had not indicated the capacity in which he sued the twelve remaining defendants. Thus, the Court had to assume they were sued in their official capacities only. *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"). As with defendants Dobbs and Burton, the official capacity claims were actually claims against defendants' employer. However, plaintiff presented no facts establishing that Butler County violated his rights due to an unconstitutional policy, custom, or failure to train.

Finally, the Court noted that even if it were to assume that these twelve defendants were sued in their individual capacities, plaintiff had not demonstrated their direct personal responsibility for any constitutional harm.

Rather than dismissing outright, the Court ordered plaintiff to file an amended complaint. He was provided instructions on how to properly amend, and sent a copy of the Court's prisoner civil rights complaint form to aid his compliance. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

On July 14, 2022, plaintiff filed a document titled "Motion to Amend Complaint." (Docket No. 7). The motion named thirteen defendants: (1) Dave Light; (2) Luke Unknown; (3) Samuel Torshien; (4) Jeff Unknown; (5) Austin Ketchum; (6) Lakeisha Miller; (7) Taylor Whitely; (8)

Rodger Burton; (9) Franscisco Vega; (10) Shane Unknown; (11) Jessie Allen; (12) Reggie Young; and (13) Mike McMean. Plaintiff indicated that he was suing all defendants in both their official and individual capacities. He broadly alleged that all defendants denied him "proper medical attention" with regard to the coronavirus. The motion was handwritten on notebook paper, and did not include an amended complaint on a Court form, as previously ordered.

On July 25, 2022, the Court once again ordered plaintiff to file an amended complaint on a Court provided form, in accordance with the instructions set forth in the Court's order of June 28, 2022. To aid his compliance, the Court sent to plaintiff a copy of the Court's June 28 order, as well as a copy of the Court's prisoner civil rights complaint form. Plaintiff was given twenty-one days from the date of the order in which to comply. As before, he was advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As previously noted, plaintiff was ordered to file an amended complaint on a Court form on June 28, 2022. He was given thirty days to comply. On July 25, 2022, the Court once again ordered plaintiff to file an amended complaint, this time giving him twenty-one days to respond. The amended complaint was due on or before August 15, 2022. In both of its orders to amend, the Court advised plaintiff that his failure to file an amended complaint would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file an amended complaint has expired. Indeed, the Court has given him substantially more than twenty-one days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor has he sought an extension of time in which to do so.

Even though he is proceeding as a self-represented litigant, plaintiff is still required to follow the Federal Rules of Civil Procedure, as well as this Court's orders. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants, and may be raised by the Court. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Because plaintiff has not filed an amended complaint pursuant to the Court's orders of June 28, 2022 and July 25, 2022, and has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's orders of June 28, 2022 and July 25, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this _7th_ day of _September_, 2022.

                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE